## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LAMAUR PRICE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-21-100-GLJ** |
| | ) | |
| **DANIEL P. DRISCOLL,**[1] | ) | |
| **Secretary of the Department of the Army,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

This case arises out of Plaintiff Lamaur Price's employment at the McAlester Army Ammunition Plant in McAlester, Oklahoma. Plaintiff raises various claims related to age, race, and gender discrimination and has sued the United States, through Daniel P. Driscoll, Secretary of the U.S. Department of the Army. Plaintiff now seeks leave to amend the Amended Complaint in this case. For the reasons set forth below, the Court finds that Plaintiff's Motion Seeking Leave to Amend [Docket No. 31] is hereby GRANTED IN PART and DENIED IN PART.

### I. Background

Plaintiff was employed at the McAlester Army Ammunition Plant ("Plant"), a federal employer, in 2019. During that year, Plaintiff was under investigation for sexual assault of another employee. At the same time, he was interested in an advertised job

---

[1] On February 25, 2025, Daniel P. Driscoll was appointed Secretary of the Department of the U.S. Army. In accordance with Fed. R. Civ. P. 25(d), Mr. Driscoll is substituted for Christine Wormuth as Defendant in this action.

listing that would be a promotion but was not given the opportunity to apply. He alleges

the person who was hired for this position was given direct coaching and assistance to

attain this position despite being unqualified, while he was qualified and had also expressed

interest in applying for the position. Plaintiff applied for a second promotion in December

2019. That same month and before the job listing closed, Plaintiff learned he had been

cleared in the sexual assault investigation, but he was not given an interview for the second

vacant position for which he was qualified and he applied.

## II. Procedural History

Plaintiff filed his original Complaint on March 30, 2021, then an Amended

Complaint on June 29, 2021 [Docket Nos. 2, 9]. Plaintiff identified three causes of action

in the Amended Complaint: (1) age discrimination in violation of the Age Discrimination

in Employment Act ("ADEA"), (2) prohibited personnel practices in violation of 5 U.S.C.

§ 2302, and (3) sex or gender discrimination in violation of Title VII. Docket No. 9, pp.

6-8, ¶¶ 28-36.

Defendant moved to dismiss Plaintiff's Amended Complaint on July 30, 2021

[Docket No. 15], and the motion was fully briefed by August 27, 2021 [Docket Nos. 16-

17]. On May 1, 2023, U.S. District Judge Jodi Dishman, serving as visiting District Judge

in this case,[2] set the motion for hearing, which was ultimately held on August 18, 2023

---

[2] The Northern and Eastern Districts of Oklahoma have experienced unprecedented caseloads and jurisdictional complexities since the Supreme Court's decision in *McGirt v. Oklahoma*, 591 U.S. 894 (2020). *McGirt* caused an immediate increase of nearly 200% in the number of criminal cases filed in the Northern District and more than 400% in the Eastern District. *See* U.S. Courts, *Judiciary Supplements Judgeship Request, Prioritizes Courthouse Projects* (Sept. 28, 2021), https://www.uscourts.gov/news/2021/09/28/judiciary-supplements-judgeship-request-prioritizes-

[Docket Nos. 21-25].   At the hearing, Judge Dishman granted Defendant's motion to dismiss, stating the reasons on the record at the hearing and dismissing all three counts without prejudice.   Plaintiff asked for leave to file a Second Amended Complaint as to Counts 1 and 3, and the Court ultimately gave Plaintiff until September 15, 2023, to request leave to file a Second Amended Complaint.   Docket Nos. 25, 27-28.

Plaintiff filed his motion for leave to amend on September 15, 2023, and the motion was fully briefed by October 6, 2023 [Docket Nos. 31-33].   The attached proposed Second Amended Complaint sets forth the following two causes of action: (1) "Violation of Race and Age Discrimination in Employment Act" referencing only the ADEA, and (2) sex or gender discrimination in violation of Title VII.   Docket No. 31, Ex. 1, pp. 19-22, ¶¶ 34-42. On May 2, 2025, the parties consented to U.S. Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a), and this case was reassigned to the undersigned Magistrate Judge [Docket No. 34].

### III. Legal Standards

Fed. R. Civ. P. 15(a)(2) states that a party may amend a Complaint with the opposing party's consent or by leave of the Court, and that the Court "should freely give leave when justice so requires."   "Although Fed.R.Civ.P. 15(a) provides that leave to amend shall be

---

courthouse-projects.   This extraordinary number of criminal cases thrust into federal court, virtually overnight, is unlike anything ever seen in this Country's history. Indeed, the Supreme Court has since recognized the "significant challenge for the Federal Government and for the people of Oklahoma" in the wake of *McGirt. Oklahoma v. Castro-Huerta*, 597 U.S. 629, 635 (2022).   Numerous federal courts have "noted *McGirt*'s tremendous impact." *United States v. Budder*, 601 F. Supp. 3d 1105, 1114 (E.D. Okla. 2022) (collecting cases), *aff'd* 76 F.4th 1007 (10th Cir. 2023).

given freely, the district court may deny leave to amend where amendment would be futile[.]  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County School Dist. No. R–1 v. Moody's Investor's Services, Inc.,* 175 F.3d 848, 859 (10th Cir. 1999).  Additionally, "a court may consider a movant's 'undue delay' or 'dilatory motive' in deciding whether to grant leave to amend under Rule 15(a)." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553 (2010) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).  Under this Court's Local Civil Rule 7.1(k), motions to amend must, *inter alia*, specifically set forth what is being amended.

Furthermore, leave to amend should be denied "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Federal Ins. Co. v. Gates Learjet Co.*, 823 F.2d 383, 387 (10th Cir. 1987).  The Tenth Circuit has stated, "[W]e do not favor permitting a party to attempt to salvage a lost case by untimely suggestion of new theories of recovery[.]" *Viernow v. Euripides Development Corp.*, 157 F.3d 785, 800 (10th Cir. 1998); *see also Ochieno v. Sandia National Laboratories*, 2019 WL 161503, at *4 (D.N.M. Jan. 10, 2019) (Denying leave to amend where "[p]laintiff seeks to make the complaint 'a moving target' in an effort to save his case from dismissal.") (quoting *Viernow*, 157 F.3d at 800).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing

*Papasan v. Allain,* 478 U.S. 265, 286 (1986)). "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555,

556, 557, 570). "While legal conclusions can provide the framework of a complaint, they

must be supported by factual allegations." *Id.* at 679.

## IV. Analysis

Plaintiff attaches to his motion the proposed Second Amended Complaint, which is

twenty-three pages in length (plus nearly fifty pages in attachments), as opposed to the nine

pages dedicated to the Amended Complaint. Plaintiff's motion does not set forth what is

being amended, and if the proposed order did so, it is now unavailable to the Court. The

Court declines to deny Plaintiff's motion on this basis, however, and instead proceeds to

address the merits of the motion in light of "the judicial system's strong predisposition to

resolve cases on their merits." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (1992). Though

Plaintiff enumerates two causes of action, it is clear that he is attempting to raise three, as

the "First Cause of Action" ("Count 1") asserts both race and age discrimination, and the

"Second Cause of Action" (Count 2") alleges sex/gender discrimination. Docket No. 31,

Ex. 1, pp. 19-22, ¶¶ 34-42.

Defendant objects to Plaintiff's request for leave to file a Second Amended

Complaint, contending that: (i) Plaintiff's claim of race discrimination, asserted for the

first time, is untimely; and (ii) amendment of the claims of age and gender/sex discrimination would be futile.

## A.  The Race Discrimination Claim is Untimely and Insufficiently Alleged.

Plaintiff filed the motion for leave to file a Second Amended Complaint on September 1, 2023, two years and five months after filing the original Complaint on March 30, 2021, and over two years after Defendant originally moved to dismiss and Plaintiff filed the Amended Complaint.  In the Tenth Circuit, "untimeliness alone" is "sufficient reason to deny leave to amend." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994).  The is particularly applicable where, as here, Plaintiff proposes new theories only after his primary theories were previously dismissed.  *See Viernow*, 157 F.3d at 799-800 (denying leave to amend where Plaintiff sought leave to amend nineteen months after filing original complaint and only after Defendants' summary judgment motion had been orally granted, noting it was clear he advanced a new theory because primary theory had been dismissed) (citing *Pallottino*, 31 F.3d at 1027).

Plaintiff contends that race discrimination is not a new claim, because he included allegations of race discrimination in the earlier iterations of the Complaint, but this simply acknowledges that this new claim is based on facts Plaintiff had been aware of well before filing the motion for leave to amend. *Federal Ins. Co.*, 823 F.2d at 387.  Moreover, as a structural matter, Plaintiff's proposed Second Amended Complaint is deficient because it asserts multiple claims for relief within Count 1, which is improper under Fed. R. Civ. P. 8.  *See Park v. TD Ameritrade Tr. Co.*, 2010 WL 4608225, at *2 (D. Colo. Nov. 5, 2010) ("[A]s a structural matter, the Title VII Complaint is deficient because it purports to assert

multiple claims for relief within each 'Claim for Relief.'"). This is particularly problematic here, where Count 1 alleges "Violation of Race and Age Discrimination in Employment Act," but only cites to the ADEA with no jurisdictional basis for a race discrimination claim. For all these reasons, any attempt to assert a claim for race discrimination in the proposed Second Amended Complaint is hereby denied.

## B. Claims for Age and Sex/Gender Discrimination

To prove a case of age or gender discrimination, "a plaintiff must provide either direct evidence of discrimination or prevail under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-803 (1973)." *Morman v. Campbell County Memorial Hospital*, 632 Fed. Appx. 927, 933 (10th Cir. 2015) ("Under *McDonnell Douglas*, the plaintiff must first prove a prima facie case of discrimination. If she does so, then the burden 'shifts to the defendant to produce a legitimate, non-discriminatory reason for the adverse employment action.' If the defendant provides such a reason, 'the burden then shifts back to the plaintiff to show that the plaintiff's protected status was a determinative factor in the employment decision or that the employer's explanation is pretext.'") (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012)). The Court is thus required, under *Twombly* and *Iqbal*, to evaluate the plausibility of the Plaintiff's claims in this case. And "we can evaluate [his] claim's plausibility only by considering the prima facie case of discrimination that []he would need to prove in court." *Morman*, 632 Fed. Appx. at 933. Although Plaintiff "need not set forth a prima facie case for discrimination[, ]he must allege facts that make such a claim at least plausible." *Id.*

In the original Motion to Dismiss (Docket No. 15), Defendant urged dismissal for, as relevant, failure to state a claim because the Amended Complaint offered no allegations that a Plant official made discriminatory statements, or that he was denied selection under circumstances giving rise to an inference of unlawful discrimination. Although Plaintiff alleged that three females in their mid-thirties were given promotions and he was not, Defendant argued the Amended Complaint failed to identify a hiring official related to those positions who was also involved when Plaintiff was not selected for the position for which he applied. The Amended Complaint also failed to alleged Plaintiff's age or that he is a member of a protected class, and that the women hired were insignificantly younger than Plaintiff.

Plaintiff's proposed Second Amended Complaint now clearly identifies his age, but refers to the ages and genders of others in generalized terms, *e.g.*, "female 50+," "male age 40+," "female 30+," and "female 20+." Docket No. 31, Ex. 1, p. 3, ¶ 9; p. 9, ¶¶ 20-21. Defendant contends Plaintiff is in the same age group or younger than the managers or hires he references, and that Plaintiff offers no allegations that the hiring official made discriminatory comments or other evidence giving rise to an inference of unlawful discrimination.

ADEA Claim. "To prove a prima facie case of age discrimination, a plaintiff must show: 1) []he is a member of the class protected by the [ADEA, *i. e.* over forty years old]; 2) []he suffered an adverse employment action; 3) []he was qualified for the position at issue; and 4) []he was treated less favorably than others not in the protected class." *Jones v. Oklahoma City Public Schools*, 617 F.3d 1273, 1279 (10th Cir. 2010) (quotation

omitted).  Under the ADEA, age must be the "but-for" cause of the adverse *treatment* at issue where a Plaintiff seeks forward-looking relief such as an injunction.  *See Babb v. Wilkie*, 589 U.S. 399, 408 (2020) ("What follows instead is that, under [29 U.S.C. § 633a, which governs federal employment], age must be the but-for cause of *differential treatment*, not that age must be a but-for cause of *the ultimate decision*.") (emphasis in original).  As the Sixth Circuit states, "To establish that he is entitled to injunctive relief, [Plaintiff] need only show that 'age discrimination play[ed] any part' in the decision to demote him."  *Bledsoe v. Tennessee Valley Auth. Bd. of Directors*, 42 F.4th 568, 578 n.2 (6th Cir. 2022).  Accordingly, "plaintiffs are not without a remedy if they show that age was a but-for cause of differential treatment in an employment decision but not a but-for cause of the decision itself.  In that situation, plaintiffs can seek injunctive or other forward-looking relief."  *Babb*, 589 U.S. at 406, 414.  However, "[t]o obtain such remedies [as reinstatement, backpay, compensatory damages, or other forms of relief related to the end result of an employment decision] these plaintiffs must show that age discrimination was a but-for cause of the employment outcome."  *Babb*, 589 U.S. at 413.

Plaintiff's proposed Second Amended Complaint seeks only backward-looking relief, including compensatory and punitive damages, promotion, and other benefits and forms of relief. Docket No. 31, Ex. 1, p. 20, ¶ 37 & p. 22, ¶¶ (A)-(D).  Plaintiff's allegations appear sufficiently plausible such that, at this stage, age could have been part of his differential treatment.  Upon review of the well-pleaded, nonconclusory allegations in Plaintiff's Proposed Second Amended Complaint and having carefully reviewed the briefing, the court can extract no support, however, for an inference that Plaintiff's age was

a *but-for cause* of the failure to promote him. *See Babb*, 589 U.S. at 406; *see also Stenger v. Deffenbaugh Industries, Inc.*, 2010 WL 11628003, at \*2 (D. Kan. May 10, 2010) ("In his complaint, Plaintiff only alleges that age was a motivating factor. As stated in *Gross* [*v. FBL Financial Services, Inc.*, 557 U.S. 167, 176 (2009)] though, age must be the 'but-for' factor, not merely a motivating factor."). Accordingly, the Court finds allowing amendment of this claim would be futile. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) ("A district court may refuse to allow amendment if it would be futile."); *see also Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (indicating that denial of leave to amend is "justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, *failure to cure deficiencies by amendments previously allowed, or futility of amendment*.") (emphasis added) (internal quotation marks omitted)).

The Court also notes that the procedural posture of the pending motion lends weight against granting the motion on this claim. First, the "untimeliness alone"[3] is "sufficient reason to deny leave to amend." *Pallottino*, 31 F.3d at 1027. Second, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Id.* (quotation omitted).

---

[3] Untimeliness here refers to the two years between being put on notice of deficiencies by Defendant's Motion to Dismiss and the Court's ultimate ruling which prompted the request to amend.

Title VII Claim.  As to the sex/gender discrimination claim, Plaintiff alleges the

officials at the Plant consistently hired females in their mid-30's, because they previously

hired four women in their mid-30s for various promotions at the Plant.  Defendant asserts

that, accepting these allegations as true, Plaintiff does not include their dates of hire, the

time frame in which the decisions were made, or the decision makers as to those four

employees.  Defendant particularly emphasizes that Plaintiff's proposed claim still

includes no allegation that the hiring managers involved in denying him selection were the

same ones involved in the hiring decisions of any of the four women, which is critical

because only discrimination by the decision maker is relevant.

Under Title VII, "[t]o state a prima facie case of discrimination [based on failure to

promote] under *McDonnell Douglas,* a plaintiff must demonstrate by a preponderance of

the evidence that (1) []he belongs to a protected class; (2) []he applied for an available

position for which []he was qualified; (3) []he 'was rejected under circumstances which

give rise to an inference of unlawful discrimination.'" *Tabor v. Hilti, Inc.*, 703 F.3d 1206,

1216 (10th Cir. 2013) (quoting *Texas Dep't of Comm. Affairs v. Burdine,* 450 U.S. 248,

253 (1981)).  Importantly, however, "[i]n determining whether a Title VII disparate

treatment claim is plausibly alleged, we do not require plaintiffs to establish a prima facie

case.  Instead, we consider whether they have set forth a plausible claim in light of the

elements of their claim." *Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038,

1050 (10th Cir. 2020).

Historically in the Tenth Circuit, "in cases where the plaintiff is a member of a

historically favored group, the Tenth Circuit has instructed that 'heightened standards are

necessary for a prima facie showing to preserve the integrity of [Title VII] and Congress's intent in enacting it.'" *Bowen v. City & Cnty. of Denver, Denver Sheriff Dep't*, 2025 WL 1101152, at \*2 (D. Colo. Apr. 14, 2025) (quoting *Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1144 (10th Cir. 2008)). The Supreme Court recently abrogated this heightened standard, however, holding that "[b]y establishing the same protections for every 'individual'—without regard to that individual's membership in a minority or majority group—Congress left no room for courts to impose special requirements on majority-group plaintiffs alone." *Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. \_, 145 S. Ct. 1540, 1546 (2025). Accordingly, "the standard for proving disparate treatment under Title VII does not vary based on whether or not the plaintiff is a member of a majority group." *Id.*

With respect to Plaintiff's claim of gender discrimination, there is no dispute that he is a member of a member of a majority group, but the Court recognizes that Title VII proscribes "'discriminatory preference for any group, minority *or majority*[.]'" *Ames*, 145 S. Ct. at 1546 (quoting *Griggs v. Duke Power Co.*, 401 U.S. 424, 431 (1971)). Further, it is not disputed that Plaintiff applied for a position for which he was qualified. The parties' disagreement centers on the third element, which requires Plaintiff to prove that the circumstances surrounding the Plant officials' failure to promote him give rise to an inference of discrimination.

Defendant contends Plaintiff fails to meet this burden and thus amendment would be futile because the proposed Second Amended Complaint would be subject to dismissal. The Rule 12(b)(6) dismissal standard, however, "does not require that Plaintiff establish a

prima facie case in [his] complaint," instead, "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1192. While it is clear that there are genuine issues of fact regarding Plaintiff's proposed comparators, including that a female comparator received coaching and assistance unavailable to Plaintiff, those are better resolved at the summary judgment stage. Though perhaps tenuous, the Court finds Plaintiff has plausibly alleged a claim of sex or gender discrimination, and thus amendment of this claim would not be futile.

In sum, Plaintiff failed to state a claim for relief of either race discrimination or age discrimination under the ADEA (Cause of Action 1). Plaintiff's proposed Second Amended Complaint does, however, set forth a plausible allegation of sex or gender discrimination under Title VII. Plaintiff shall be given fourteen (14) days to file a Second Amended Complaint. The proposed Second Amended Complaint must be revised to reflect the rulings in this Order, leaving one remaining cause of action; therefore, amending to drop certain claims is required as set forth in this Order. Amendment to add parties or claims is not contemplated by this order. **A redline version of the original Proposed Second Amended Complaint ("Complaint") as amended <u>must</u> be attached to the Second Amended Complaint.**

## CONCLUSION

Accordingly, the Court finds that the Plaintiff's Motion Seeking Leave to Amend [Docket No. 31] is hereby GRANTED IN PART and DENIED IN PART.  Plaintiff's deadline to file a revised Second Amended Complaint is July 22, 2025.  Defendant's deadline to renew any motion to dismiss is August 5, 2025.

IT IS SO ORDERED this 8th day of July, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**