IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAMAUR PRICE, )<br>)<br>      **Plaintiff,** )<br>)<br>v. )<br>)<br>DANIEL P. DRISCOLL, )<br>Secretary of the Department of the )<br>Army, )<br>)<br>      **Defendant.** ) | Case No. CIV-21-100-GLJ |

## ORDER

This matter comes before the Court on Plaintiff's motion to consolidate this case with Case No. 24-cv-00394-GLJ. For the reasons set forth below, Plaintiff's Motion to Consolidate with Case 6:24-cv-00394-GLJ [Docket No. 49] is DENIED.

### I.    Procedural History

*Case No. 21-cv-100-GLJ*

Plaintiff filed his original Complaint in this matter on March 30, 2021, then an Amended Complaint on June 29, 2021. *See* Docket Nos. 2, 9. Plaintiff identified three causes of action in the Amended Complaint: (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), (2) prohibited personnel practices in violation of 5 U.S.C. § 2302, and (3) sex or gender discrimination in violation of Title VII. *See* Docket No. 9, pp. 6-8, ¶¶ 28-36. Plaintiff's claims arose out of his employment at the McAlester Army Ammunition Plant ("Plant") in 2019, at which time Plaintiff was under investigation for sexual assault of another employee. At the same time, Plaintiff was

interested in an advertised job listing that would be a promotion but was not given the opportunity to apply. Plaintiff alleges the person who was hired for this position was given direct coaching and assistance to attain this position despite being unqualified, while he was qualified and had also expressed interest in applying for the position. Plaintiff applied for a second promotion in December 2019. That same month and before the job listing closed, Plaintiff learned he had been cleared in the sexual assault investigation, but he was not given an interview for this second vacant position for which he was qualified and he applied.

Defendant moved to dismiss the Amended Complaint. *See* Docket No. 15. United States District Judge Jodi Dishman, serving as visiting District Judge in this case, granted Defendant's motion to dismiss, stating the reasons on the record at the hearing and dismissing all three counts without prejudice. *See* Docket No. 26. The Court granted Plaintiff's request for leave to file a Second Amended Complaint as to Counts 1 and 3. *See* Docket Nos. 25, 27-28. Plaintiff timely filed his motion for leave to amend, and the proposed Second Amended Complaint set forth two causes of action: (1) "Violation of Race and Age Discrimination in Employment Act" referencing only the ADEA, and (2) sex or gender discrimination in violation of Title VII. *See* Docket No. 31, Ex. 1, pp. 19-22, ¶¶ 34-42. On May 2, 2025, the parties consented to U.S. Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a), and this case was reassigned to the undersigned Magistrate Judge. *See* Docket No. 34. The Court granted in part and denied in part the motion to amend, finding Plaintiff failed to allege a plausible claim under the ADEA, but alleged sufficient facts to state a claim for relief under Title VII. *See* Docket

2

No. 35, p. 13. Plaintiff timely filed his Second Amended Complaint stating a single claim for sex or gender discrimination in violation of Title VII. *See* Docket No. 36.[1]

*Case No. 24-cv-00394-GLJ*

Plaintiff filed his Complaint on October 18, 2024. *See* Docket No. 2. Plaintiff alleges that he was at all relevant times employed at the Plant in McAlester, Oklahoma, and has most recently served in the position of Logistics Modernization Specialist. *See* Docket No. 2, pp. 2-3, ¶¶ 3, 9. From March 30, 2023 to April 13, 2023, Supervisor Amber Dominguez ran a vacancy announcement for the position of Supervisory Production Controller (Ammunition and Missiles), for which Plaintiff was eligible. *Id.*, pp. 6-8, ¶¶ 22-30. The promotion panel reviewed eleven candidates' resumes and selected five for interviews, but Plaintiff was not one of those selected for an interview. *Id*, p. 10, ¶¶ 42-43. Plaintiff alleges that available temporary or permanent supervisory positions were all given to Caucasian personnel from 2019 to present, including individuals with no justifiable skill sets for the positions. *Id.*, pp. 13-14, ¶¶ 52-54. Some of these individuals were friends of Dominguez and/or family members of high-level management officials. *Id.* Additionally, Plaintiff alleges that the officials retaliated against him for filing his prior EEOC complaint. *Id.*, p. 15, ¶ 56.

Plaintiff filed a formal complaint of reprisal with the Equal Employment Opportunity Commission ("EEOC") on September 25, 2023. *Id.*, p. 2, ¶ 5. The EEOC

---

[1] On August 6, 2025, Plaintiff's Motion for New Trial or In the Alternative to Alter or Amend Judgment (Docket No. 38) pursuant to Fed. R. Civ. P. 59(a) and (e) was denied. *See* Docket No. 41.

issued a Final Agency Decision on July 24, 2024; Plaintiff then filed this case on October 18, 2024. *See Id.*, ¶¶ 6-8. In his Complaint, Plaintiff asserts the following claims: (i) Count I, alleging unlawful reprisal for engaging in protected activity;[2] and (ii) Count II, brought under Title VII, alleging race discrimination.

On February 7, 2025, the parties consented to undersigned U.S. Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a). *See* Docket No. 18. On February 7, 2025, a scheduling order was entered providing, *inter alia*, the following deadlines: discovery cutoff on July 11, 2025; dispositive motions by July 25, 2025; pretrial conference on December 4, 2025; and jury trial on December 16, 2025.[3] *See* Docket No. 19. On July 11, 2025, the Court denied Defendant's Motion to Dismiss [Docket No. 13]. *See* Docket No. 23. To date, none of the parties sought to amend the scheduling order or extend any deadlines other than the settlement conference. *See* Docket Nos. 26 & 28.

---

[2] The portion of Plaintiff's Complaint alleging the first cause of action, Docket No. 2, pp. 15-16, ¶¶ 57-64, does not identify the jurisdictional basis for this claim. While jurisdiction is generally invoked pursuant to the Prohibited Personnel Practices Act, 5 U.S. § 2302 and 29 C.F.R. § 1614.201, *id.*, p. 1, ¶ 2, earlier in the Complaint, that same paragraph also identifies the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., but no such corresponding claim is identified in this Complaint.

[3] At the request of the Office of the U.S. Attorney for the Eastern District of Oklahoma and pursuant to this Court's General Order 25-15, this matter was stayed on October 2, 2025, due to the lapse in appropriations to the Department of Justice. *See* Docket No. 27. On November 14, 2025, the stay was lifted due to the funding legislation signed by the President on November 12, 2025. *See* Docket No. 29. Thus, the Court is cognizant that all deadlines in the scheduling order after October 2, 2025 will likely need to be reset to account for the stay during the government shutdown.

## ANALYSIS

Plaintiff moves to consolidate this case with Case No. 24-cv-00394 because both cases involve identical parties, arise from similar acts and omissions, occurred close in time, and involve identical supervisors and human resource representatives. *See* Docket No. 49, ¶¶ 10 & 12. Under Rule 42 of the Federal Rules of Civil Procedure, a court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "The party seeking consolidation has the 'burden to establish that consolidation would promote trial convenience and economy in administration' or that it would suffer an injury in the absence of consolidation." *Checkers Indus. Prods., LLC v. Indus. Advanced Techs., Inc.*, 2023 WL 2681913, at *2 (D. Colo. Feb. 17, 2023) (quoting *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)). When considering whether matters should be consolidated under Rule 42, the court considers the following factors: "(1) whether the cases involve substantially the same parties or property; (2) whether the cases call for a determination of the same or substantially related questions of law and fact; and (3) whether the cases would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges." *Flinders v. DCFS*, 2023 WL 8238891, at *1 (D. Utah Nov. 28, 2023) (quoting *Rain Int'l, LLC v. Cook*, 2023 WL 1930336, at *1 (D. Utah Feb. 10, 2023)).

"The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Skaggs v. Level 3 Communications, Inc.*, 2009 WL 458682, at *1 (D. Colo. Feb. 24, 2009) (quotations and

internal citations omitted). The issue of consolidation is committed to the sound discretion of the trial court. *See Gillette Motor Transp. v. N. Okla. Butane Co.*, 179 F.2d 711 (10th Cir. 1950); *Chimal v. Sledge*, 2007 WL 1576346, at *1 (D. Colo. May 31, 2007). Rule 42 "should be prudently employed as a valuable and important tool of judicial administration, involved to expedite trial and eliminate unnecessary repetition and confusion.'" *Bendzak v. Midland Nat'l Life Ins. Co.*, 240 F.R.D. 449, 450 (S.D. Iowa 2007) (quoting *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)).

Although Plaintiff states the parties and key witness are all the same, as well as the fact that Defendant does not object to consolidation, he leaves unanswered many important questions. First, he moves to consolidate this case when it is the older and lower-case number case with the newer and higher-case number case. Generally, the higher numbered case is consolidated with the lower numbered case, not the other way around. Second, Plaintiff does not address the issue that the two cases are in very different procedural postures. This case, although much older, has had an elongated procedural posture due to no fault of the parties that results in it still being in the early stages of litigation. In contrast, both discovery and dispositive motions deadlines have expired in 24-cv-00394 and all that is left is pretrial pleadings and the trial. Plaintiff does not explain how a case with no time remaining for discovery can be consolidated with and harmonized with a case in the early pretrial and discovery stage. Consolidation is not a means by which parties can overcome failures to conduct discovery within the allotted time. Third, although Plaintiff asserts both cases arise from the same work unit at the Plant, the claims themselves are different and distinct. In this case, Plaintiff alleges two incidents in 2019, one in which he was not

afforded an opportunity to apply for an opening and another when he was not given an interview for a position for which he alleges he was qualified. In 24-cv-00394, Plaintiff alleges he was qualified for a vacant position that was advertised in 2023, but he was not one of those selected to be interviewed and that those who were promoted were friends and/or family members of the decision maker. Fourth, the claims are not the same. In this case Plaintiff asserts a claim for sex or gender discrimination in violation of Title VII, whereas in 24-cv-00394, Plaintiff asserts claims for unlawful reprisal for engaging in protected activity and race discrimination under Title VII.

Thus, while the parties are the same and there is some overlap in witnesses, Plaintiff does not met his burden to establish that consolidation would promote trial convenience and economy in administration or that he would suffer an injury in the absence of consolidation. The cases arise out of allegations involving actions during different time periods and assert different claims. Because of the different claims asserted, the cases call for a determination of different questions of law and facts. Also, consolidation would necessarily result in delaying the trial of 24-cv-00394 because discovery has only begun in this case with the discovery deadline set for May 29, 2026 and dispositive motions due by June 12, 2026, which are *after* the current and any likely rescheduled trial date in 24-cv-00394. Moreover, the differences noted herein make it unlikely that consolidation would reduce substantial duplication of labor or unnecessary court costs or delay.

Finally, it is important to note that while consolidation is intended to promote the efficient and expeditious resolution of multiple matters, the two actions otherwise remain distinct. *See Hall v. Hall*, 584 U.S. 59, 66 (2018) (recognizing that consolidation does not

7

effect a "complete merger" and that the statutory history of Rule 42(a) "makes clear that one of multiple cases consolidated under the Rule retains its independent character . . . regardless of any ongoing proceedings in the other cases"); *see also Cooper Clark Foundation v. Oxy USA Inc.*, 785 F. App'x 579, 581 (10th Cir. 2019) ("The Supreme Court recently reiterated that, under Rule 42, consolidation is not equivalent to merger and consolidated cases do not lose their separate identities because of consolidation," (citing *Hall*, 584 U.S. at 66)); *Anderson Living Tr. v. WPX Energy Prod., LLC*, 297 F.R.D. 622, 631 (D. N.M. 2014) ("[C]onsolidation is an artificial link forged by a court for the administrative convenience of the parties; it fails to erase the fact that, underneath consolidation's façade, lie two individual cases.") (internal quotation marks and citation omitted). The procedural posture of these two actions is simply too distinct to benefit from consolidation and, instead, it appears to be an attempt to effect a merger of these two cases. Such a basis is an inappropriate ground for consolidation.

## CONCLUSION

Accordingly, Plaintiff's Motion to Consolidate with Case 6:24-cv-00394-GLJ [Docket No. 49] is DENIED.

IT IS SO ORDERED this 17th day of November, 2025.

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**